# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JACARIO CRANFORD,
ADC #146450                                                                                           PLAINTIFF

v.                                           1:19-cv-00104-KGB-JJV

BRUCE D. SANDERS, Captain,
North Central Unit, ADC                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Jacario Cranford ("Plaintiff") is a convicted prisoner in the North Central Unit of the Arkansas Department of Corrections ("ADC").  He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Captain Sanders violated his constitutional rights.  (Doc. No. 6).  After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted

**II.    SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. AMENDED COMPLAINT

Plaintiff alleges that, in July 2019, Defendant Sanders violated his Fourteenth and Eighth Amendment rights by writing a false disciplinary charge against him.[1]  (Doc. No. 6.)  He was later found guilty of the charges, and as punishment, spent thirty days in punitive isolation, lost various privileges for sixty days, and was reduced in class.  (*Id.*)

Plaintiff had a Fourteenth Amendment right to receive due process during his July 2019 prison disciplinary proceedings *only* if they implicated a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  Prisoners do not have a liberty interest in avoiding temporary assignment to punitive or administrative segregation unless the conditions there are an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life."  *See Sandin*, 515 U.S. at 484-85; *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 (8th Cir. 1996).  Plaintiff has not provided any such facts.  Similarly, prisoners do not have a liberty interest in

---

[1] Plaintiff raised other claims in his original Complaint.  (Doc. No. 1).  On November 18, 2019, I explained to him why he failed to plead any plausible claims, gave him the opportunity to file an Amended Complaint curing his pleading deficiencies, and cautioned him an Amended Complaint would render his original Complaint "without legal effect."  (Doc. No. 4 at 7.)  Thus, only claims raised in the Amended Complaint will be considered.

maintaining their classification levels or commissary, phone, and visitation privileges. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Phillips,* 320 F.3d at 847*; Kennedy,* 100 F.3d at 642-43; *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). For these reasons, I conclude Plaintiff has failed to plead a plausible Fourteenth Amendment due process claim.

Plaintiff also makes the conclusory allegation, without any factual support, that his July 2019 disciplinary conviction violated his Eighth Amendment rights. But, nothing in the Complaint suggests Plaintiff was subjected to cruel and unusual punishment as a result of his disciplinary conviction. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (to state a plausible Eighth Amendment claim, a prisoner must have suffered "extreme deprivations" that deny "the minimal civilized measure of life's necessities"); *Phillips*, 320 F.3d at 848 (thirty-seven days in punitive isolation, which included the suspension of contact visitation, exercise privileges, and religious services, was not an Eighth Amendment violation); *Brown v. Nix*, 33 F.3d 951, 952 (8th Cir. 1994) (finding no Eighth Amendment violation when a prisoner received "nine years of administrative segregation for disciplinary infractions"). For these reasons, I conclude Plaintiff has also failed to plead a plausible Eighth Amendment claim.

Finally, Plaintiff claims Defendant Sanders violated ADC policy by writing a false disciplinary charge against him. But, prisoners do not have a federal statutory or constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips*, 320 F.3d at 847; *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

IV. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. No. 6) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

4

2.	Dismissal be counted as a "strike," pursuant to 28 U.S.C. § 1915(g).[2]

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of December 2019.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."